IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

GARY LYNN FISHER,	)
	)
    Plaintiff,	)
	)
  -vs-	)  Civil Action No. 16-1884
	)
NANCY A. BERRYHILL,[1]	)
COMMISSIONER OF SOCIAL SECURITY,	)
	)
    Defendant.	)

AMBROSE, Senior District Judge.

## OPINION AND ORDER

### Background

Plaintiff Gary Lynn Fisher ("Fisher") brings this action pursuant 42 U.SC. § 405(g) for review of the ALJ's decision denying her claim for supplemental security income. He alleges a disability beginning on January 1, 2008.[2] Following a hearing before an ALJ, during which time both Fisher and a vocational expert ("VE") testified, the ALJ denied his claims. Fisher appealed. Pending are Cross Motions for Summary Judgment. *See* ECF docket nos. [14] and [18]. After careful consideration, the ALJ's decision is remanded for further consideration.

### Legal Analysis

1. Standard of Review

---

[1] Nancy A. Berryhill became acting Commissioner of Social Security on January 23, 2017, replacing Carolyn W. Colvin.
[2] As detailed by the ALJ, Fisher has filed numerous previous applications for benefits. None of the prior claims are amenable to reopening.

The standard of review in social security cases is whether substantial evidence exists in the record to support the Commissioner's decision. *Allen v. Bowen,* 881 F.2d 37, 39 (3d Cir. 1989). Substantial evidence has been defined as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate." *Ventura v. Shalala,* 55 F.3d 900, 901 (3d Cir. 1995), *quoting Richardson v. Perales,* 402 U.S. 389, 401 (1971). Determining whether substantial evidence exists is "not merely a quantitative exercise." *Gilliland v. Heckler,* 786 F.2d 178, 183 (3d Cir. 1986) (*citing Kent v. Schweiker,* 710 F.2d 110, 114 (3d Cir. 1983)). "A single piece of evidence will not satisfy the substantiality test if the secretary ignores, or fails to resolve, a conflict created by countervailing evidence. Nor is evidence substantial if it is overwhelmed by other evidence – particularly certain types of evidence (e.g., that offered by treating physicians)." *Id.* The Commissioner's findings of fact, if supported by substantial evidence, are conclusive. 42 U.S.C. §405(g); *Dobrowolsky v. Califano,* 606 F.2d 403, 406 (3d Cir. 1979). A district court cannot conduct a *de novo* review of the Commissioner's decision or re-weigh the evidence of record. *Palmer v. Apfel,* 995 F.Supp. 549, 552 (E.D. Pa. 1998). Where the ALJ's findings of fact are supported by substantial evidence, a court is bound by those findings, even if the court would have decided the factual inquiry differently. *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999). To determine whether a finding is supported by substantial evidence, however, the district court must review the record as a whole. *See,* 5 U.S.C. §706.

To be eligible for social security benefits, the claimant must demonstrate that he cannot engage in substantial gainful activity because of a medically determinable physical or mental impairment which can be expected to result in death or which has

2

lasted or can be expected to last for a continuous period of at least 12 months. 42 U.S.C. § 423(d)(1)(A); Brewster v. Heckler, 786 F.2d 581, 583 (3d Cir. 1986). The Commissioner has provided the ALJ with a five-step sequential analysis to use when evaluating the disabled status of each claimant. 20 C.F.R. § 404.1520(a). The ALJ must determine: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether the claimant has a severe impairment; (3) if the claimant has a severe impairment, whether it meets or equals the criteria listed in 20 C.F.R., Pt. 404, Subpt. P, Appx. 1; (4) if the impairment does not satisfy one of the impairment listings, whether the claimant's impairments prevent him from performing his past relevant work; and (5) if the claimant is incapable of performing his past relevant work, whether he can perform any other work which exists in the national economy, in light of his age, education, work experience, and residual functional capacity. 20 C.F.R. § 404.1520. The claimant carries the initial burden of demonstrating by medical evidence that he is unable to return to his previous employment (steps 1-4). Dobrowolsky, 606 F.2d at 406. Once the claimant meets this burden, the burden of proof shifts to the Commissioner to show that the claimant can engage in alternative substantial gainful activity (step 5). Id. A district court, after reviewing the entire record, may affirm, modify, or reverse the decision with or without remand to the Commissioner for rehearing. Podedworny v. Harris, 745 F.2d 210, 221 (3d Cir. 1984).

    2. <u>The ALJ's Analysis</u>

At step one, the ALJ found that Fisher had not engaged in substantial gainful activity since February 25, 2013, the application date. (R. 22) At step two, the ALJ concluded that Fisher has the following severe impairments: mild to moderate

degenerative disc disease of the lumbar spine at L4-L5 and L5-S1 as well as a remote history of coronary artery disease status post stenting. (R. 23) Although the ALJ found reference to other impairments in the record, he determined that they were "non-severe or not medically determinable as they have been responsive to treatment, cause no more than minimal vocationally relevant limitations, have not lasted or are not expected to last at a 'severe' level for a continuous period of 12 consecutive months or expected to result in death, or have not been properly diagnosed by an acceptable medical source." (R. 23)

At step three, the ALJ concluded that Fisher does not have an impairment or combination of impairments that meet or equal the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpt. P, Appendix 1. The ALJ considered Listing 1.04, pertaining to disorders of the spine, and Listing 4.00, which sets forth the cardiovascular system impairments. (R. 24-25)

Prior to engaging in step four, the ALJ assessed Fisher's residual functional capacity ("RFC").[3] He found Fisher able to perform a range of medium work with certain restrictions. (R. 25) At step four, the ALJ determined that Fisher was unable to perform any past work which, "whether or not vocationally relevant, was performed at the heavy exertional level." (R. 29)

Finally, at step five, the ALJ found that, considering Fisher's age, education, work experience, and RFC, there are significant numbers of jobs in the national economy that

---

[3] RFC refers to the most a claimant can still do despite his / her limitations. 20 C.F.R. §§ 404.1545(a), 416.945(a). The assessment must be based upon all of the relevant evidence, including the medical records, medical source opinions, and the individual's subjective allegations and description of his / her own limitations. 20 C.F.R. §§ 404.1545(a)(3), 416.945(a)(3). Additionally, a person's RFC is an administrative finding reserved for the ALJ, not a medical opinion to be rendered by a doctor. 20 C.F.R. §§ 404.1527, 416.927; 20 C.F.R. §§ 404.1546(c), 416.946(c).

4

Fisher can perform. (R. 30) For instance, the ALJ explained that Fisher could work as a laundry folder and cleaner. (R. 30)

### 3. Dr. Kandabarow's Opinion and the RFC

Fisher faults the ALJ for failing to follow the "treating physician" doctrine. According to Fisher, the ALJ should have accepted the medical opinion offered by Dr. Kandabarow. The ALJ gave limited weight to Dr. Kandabarow's opinion. The reasons given for rejecting the opinion appear, on their face, to be valid and acceptable reasons for discounting opinion evidence. 20 C.F.R. § 416.927 (evaluating opinion evidence). The issue, however, is that there is no other medical opinion evidence regarding Fisher's impairments.[4]

"Rarely can a decision be made regarding a claimant's [RFC] without an assessment from a physician regarding the functional abilities of the claimant." *Gormont v. Astrue*, 2013 U.S. Dist. LEXIS 31765, *27 (M.D. Pa. 2013); *Goodson v. Colvin*, 2015 U.S. Dist. LEXIS 58100, 2015 WL 2065328 (W.D. Pa. May 4, 2015). As stated with respect to physical limitations, for example, "[o]nce the doctor has determined how long the claimant can sit, stand or walk … then the ALJ, with the aid of a vocational expert if necessary, can translate that medical determination into a residual functional capacity determination." *Gormont*, 2013 U.S. Dist. LEXIS 31765, * 27 (quoting Carolyn A. Kubitschek & Jon C. Dubin, Social Security Disability Law and Procedure in Federal Courts, 287-88 (2011)). Thus:

---

[4] Fisher failed to attend two scheduled consultative exams. (R. 77) Although an ALJ may find a claimant is not disabled if the claimant does "not have a good reason for failing or refusing to take part in a consultative examination or test" which the ALJ arranges for the claimant to get information needed to determine the claim, 20 C.F.R. § 416.918(a), there is nothing on the record indicating that the ALJ made such a finding in this case. As such, the Court is left with a RFC assessment unsupported by a medical opinion.

5

> If an administrative law judge makes a residual functional capacity assessment on the basis of his or her review of the evidence, including the medical records, without the benefit of an expert opinion from a physician or other qualified medical professional regarding the exertional abilities of a claimant, the administrative law judge has improperly substituted his or her own lay medical opinion for that of a physician or other qualified medical professional. *Warfle*, 2011 U.S. Dist. LEXIS 150692, * 16.

*Terner v. Colvin*, Civ. No. 14-1603, 2015 WL 4873929 at * 2 (W.D. Pa. Aug. 13, 2015).

In certain cases, it may be appropriate for an ALJ to determine a claimant's RFC without reliance upon a medical opinion. Certainly it is the ALJ's function alone to determine a claimant's RFC. Yet it is equally true that the ALJ's RFC finding must "'be accompanied by a clear and satisfactory explication of the basis on which it rests.'" *Fargnoli v. Massanari*, 247 F.3d 34, 41 (3d Cir. 2001) (citations omitted). Here, the ALJ concluded that Fisher required "a sit / stand option without breaking task, which allows him to change positions briefly about every hour for about three to four minutes…." (R. 25) This is a very specific finding regarding Fisher's sit / stand ability and the ALJ failed to explain how he arrived at this finding in the absence of any medical opinion. Given the ALJ's failure in this regard, this Court cannot determine whether the RFC evaluation is supported by substantial evidence and a remand is necessary for clarification.[5]

On remand, the ALJ shall more clearly explain the basis for his findings, and, if necessary, order a consultative examination regarding the functional limitations arising from Fisher's physical impairments, and reconsider Fisher's RFC in light of such evidence. If Fisher again fails to attend a consultative examination, the ALJ shall explain whether he is drawing any negative inferences therefrom and why.

---

[5] Given the necessity to remand on this issue, I decline to consider Fisher's alternate arguments.

6

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

GARY LYNN FISHER )
    Plaintiff, )
 )
  -vs- ) Civil Action No. 16-1884
 )
NANCY A. BERRYHILL,[6] )
COMMISSIONER OF SOCIAL SECURITY, )
 )
    Defendant. )

AMBROSE, Senior District Judge.

## ORDER OF COURT

Therefore, this 8th day of February, 2018, it is hereby ORDERED that Plaintiff's Motion for Summary Judgment (Docket No. 14) is granted and Defendant's Motion for Summary Judgment (Docket No. 18) is denied, and IT IS FURTHER ORDERED that, pursuant to sentence 4 of 42 U.S.C. § 405(g), the decision of the Acting Commissioner of Social Security dated April 27, 2015, is remanded to the Commissioner for further administrative proceedings consistent with the foregoing opinion.

                                    BY THE COURT:

                                    /s/ Donetta W. Ambrose
                                    Donetta W. Ambrose
                                    United States Senior District Judge

---

[6] Nancy A. Berryhill became acting Commissioner of Social Security on January 23, 2017, replacing Carolyn W. Colvin.