IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

GARY LYNN FISHER,                          )
                                           )
                    Plaintiff,             )
                                           )
        -vs-                               )        Civil Action No. 16-1884
                                           )
NANCY A. BERRYHILL,[1]                     )
COMMISSIONER OF SOCIAL SECURITY,           )
                                           )
            Defendant.                     )

AMBROSE, Senior District Judge.

## OPINION AND ORDER

Defendant has filed a Motion to Alter or Amend Judgment Pursuant to Rule 59(e)
of the Federal Rules of Civil Procedure. *See* ECF Docket No. 23. Plaintiff has filed a
Response thereto. *See* ECF Docket No. 24. In resolving the Motion, I am guided by the
Third Circuit Court's instruction that "a judgment may be altered or amended if the party
seeking reconsideration shows at least one of the following grounds: (1) an intervening
charge in the controlling law; (2) the availability of new evidence that was not available
when the court granted the motion for summary judgment; or (3) the need to correct
clear error of law or fact or to prevent manifest injustice." *Max's Seafood Café ex rel
Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999), *citing, North River Ins. Co.
v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1281 (3d Cir. 1995). Defendant seeks
reconsideration based upon the third option – the need to correct a clear error of law or
fact to prevent manifest injustice. *See* ECF Docket No. 24, p. 2.

---

[1] Nancy A. Berryhill became acting Commissioner of Social Security on January 23, 2017, replacing Carolyn W.
Colvin.

On February 8, 2018, this Court entered an Opinion and Order granting Plaintiff's Motion for Summary Judgment, denying Defendant's Motion for Summary Judgment and remanding the matter for further administrative proceedings. *See* ECF Docket No. 21. Specifically, I remanded this case based upon the ALJ's formulation of a residual functional capacity assessment ("RFC") which called for the Plaintiff to perform a medium range of work, including a "sit/stand option without breaking task, which allows him to change positions briefly about every hour for about three to four minutes…." *See* Docket No. 21, p. 6.[2] "Medium work" involves "lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds."[3] In the only medical opinion of record, Plaintiff's treating physician opined that he could lift less than ten pounds frequently, he could sit four hours in an eight-hour day, could stand/walk four hours in an eight-hour day, would need to shift positions at will, and would need to take up to two extra breaks for ten to fifteen minutes each day. R. (237) He also opined that Plaintiff was not capable of working an eight-hour day. (R. 238) The ALJ rejected this opinion, giving it "little weight." (R. 29)

In remanding the case, I stated that the ALJ failed to explain how he had arrived at this finding in the absence of a medical opinion. I observed that it is the ALJ's function

---

[2] In its Motion, the Defendant urges that the Court "found no mistake by the ALJ in discounting Dr. Kandabarow's disability opinion…." *See* ECF Docket No. 24, p. 4. The Court did not so find. The Court noted that the reasons the ALJ articulated for rejecting Kandabarow's opinion appeared "**on their face**, to be valid and acceptable reasons for discounting opinion evidence." *See* ECF Docket No. 21, p. 5 (emphasis added). The Court simply accepted, for purposes of argument, the Defendant's contention that the ALJ had correctly rejected the opinion and moved on to the issue of whether, in light of such rejection, the RFC was supported by substantial evidence of record.

[3] "The regulations define medium work as lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds. A full range of medium work requires standing or walking, off and on, for approximately 6 hours in an 8-hour workday in order to meet the requirements of frequent lifting or carrying objects weighing up to 25 pounds. As in light work, sitting may occur intermittently during the remaining time. Use of the arms and hands is necessary to grasp, hold, and turn objects, as opposed to the finer activities in much sedentary work, which require precision use of the fingers as well as use of the hands and arms." SSR 83-10.

alone to determine a claimant's RFC but noted that the RFC finding *must* be accompanied by a clear and satisfactory explication of the basis on which it rests. *See* ECF Docket No. 21, p. 6. I also remarked that it is a rare instance in which a decision can be made regarding a claimant's RFC without an assessment from a physician regarding the claimant's functional abilities. *See* ECF Docket No. 21, p. 5. I found that the present case did not qualify as such a "rare" case.

In seeking to amend or alter judgment, the Defendant urges that the Court's reference to *Gormont v. Astrue*, 2013 U.S. Dist. LEXIS 31765 (M.D. Pa. 2013) and *Terner v. Colvin*, 2015 WL 4873929 (W.D. Pa. Aug. 13, 2015) was erroneous as, according to Defendant, those cases rely upon mistakes of law. The Defendant directs this Court's attention to the decision rendered in *Chandler v. Comm'r. of Soc.*, 667 F.3d 356 (3d Cir. 2012) and its progeny, for the proposition that an ALJ need not seek outside expert assistance in formulating an RFC. I do not believe the issue is as clear cut as the Defendant presents.

As a colleague from the Middle District of Pennsylvania recently observed, there are "divergent views among the district courts in the Third Circuit as to whether an RFC determination must be supported by medical opinion evidence and the proper reading of *Doak v. Heckler* and its progeny in this context." *Rathbun v. Berryhill*, Civ. No. 17-301, * 6 (M.D. Pa. March 12, 2018), *citing, Phillips v. Berryhill*, No. 15-5204, 2017 WL 2224931, at * 4 (E.D. Pa. May 22, 2017) (remanding on the ground that no medical provider completed a functional assessment of plaintiff's mental health limitations and, thus, the ALJ's RFC determination was impermissibly based on his own lay opinion); *Wright v. Colvin*, No. 14-2350, 2016 WL 446876, at * 14 (M.D. Pa. Jan. 14, 2016)

("*Chandler* stated that an ALJ need not obtain medical opinion evidence and was not bound by any treating source medical opinion. However, both these statements are dicta. In *Chandler*, the ALJ had medical opinion evidence and there was no contrary treating source opinion. '[D]ictum, unlike holding, does not have strength of decision 'forged from actual experience by the hammer and anvil of litigation.' The only precedential holding in *Chandler* is the unremarkable finding that an ALJ may rely on a state agency medical opinion that the claimant is not disabled when there are no medical opinions from treating sources that the claimant is disabled.")(internal citations omitted), report and recommendation adopted, 2016 WL 452142 (M.D. Pa. Feb. 4, 2016); *Cummings v. Colvin*, 129 F. Supp.3d 209, 214-217 (W.D. Pa. 2015)("[R]eliance on *Doak* and the other cases cited in [Plaintiff's] brief for the proposition that an ALJ must always base his RFC on a medical opinion from a physician is misguided."); and *Sanders v. Berryhill*, No. 16-2160, p. 13 (M.D. Pa. Dec. 11, 2017) ("Nothing supports the contention that *Doak's* holding created a rule that a medical source's assessment of the functional abilities of the claimant must be present in the record for an ALJ to make an RFC finding.")(recommending remand, however, based on the ALJ's insufficient explanation supporting his findings).

Another colleague attempted to reconcile these divergent cases. In *Metzger v. Berryhill*, No. 16-1929, 2017 WL 1483328 (M.D. Pa. Mar. 29, 2017), report and recommendation adopted, 2017 WL 1479426, Magistrate Judge Carlson opined that:

> [t]hese seemingly discordant legal propositions can be reconciled by evaluation of the factual context of these decisions. Those cases which emphasize the importance of medical opinion support for [an RFC] assessment typically arise in the factual setting where a medical source has opined regarding limitations which would support a disability claim, but an ALJ has rejected the medical opinion which supported a disability determination based upon a lay assessment of other

evidence. Thus, when an ALJ is saying that a claimant can do *more* than the medical source opinion states, courts exercise caution and suggest that only rarely can an ALJ unilaterally impose an RFC on a claimant that is less restrictive than the residual functional capacity found by the medical professional. Construed in this light, these cases simply restate the commonplace idea that medical opinions are entitled to careful consideration when making a disability determination, particularly when those opinions support a finding of disability. In contrast, when an ALJ is relying upon other evidence to conclude that the claimant can do *less* than a medical source opined, or when an ALJ fashions [an RFC] determination in the absence of any medical opinion evidence, courts have adopted a more pragmatic view and have sustained the ALJ's exercise of independent judgment based upon all of the facts and evidence…. In either event, once the ALJ has made this determination, our review of the ALJ's assessment of the plaintiff's [RFC] assessment will not be set aside if it is supported by substantial evidence.

*Metzger*, 2017 WL 1483329, at * 5 (italics in original).[4]

In an effort to clarify my previous Opinion, and in light of a review of the existing case law and the Third Circuit Court's decisions in *Chandler* and *Doak*, I take the opportunity to explain that, "in a case involving the ALJ's reliance on, or departure from treating medical opinion support, or in a case involving the lack of medical opinion evidence altogether, the ALJ's RFC determination must meet certain basic substantive requisites." *Rathbun v. Berryhill*, 2018 WL 1514383, * 6.  That is, the ALJ must adequately explain the legal and factual basis for his or her decision. Here, as stated in my earlier Opinion, the ALJ rejected the treating physician's opinion – according it "little weight." (R. 29) He found the physician's restrictions to be based upon the claimant's

---

[4] The Defendant cites to the decision rendered in *Titterington v. Barnhart*, 174 Fed. Appx. 6, 11 (3d Cir. 2006) for the proposition that there is no "legal requirement that a physician have made the particular findings that an ALJ adopts in the course of determining an RFC." *See* ECF Docket No. 24, p. 6. As a general proposition, I do not disagree. The ALJ is charged with formulating the RFC based on all of the relevant evidence including all medical evidence or otherwise. ALJs are not required to accept medical opinions wholesale, especially where certain portions internally conflict. However, I do not find the *Titterington* decision to be on point. In that case, the court noted that, "in restricting Titterington to sedentary work, rather than light work, it went further in some respects than Dr. Gent had gone." *Titterington*, 174 Fed. Appx. at * 11. Here, the ALJ did not fashion an RFC more restrictive than that espoused by Dr. Kandabarow. Kandabarow opined that Plaintiff was capable of lifting less weight than the ALJ found, and was capable of standing and sitting for shorter periods of time than the ALJ found.

"uncorroborated subjective assertions" which lacked credibility and which were "offered within a context of seeking secondary and contingent financial-related benefits." (R. 29) Thus, the ALJ rejected the sole medical opinion of record and rejected the Plaintiff's testimony as lacking credibility. With respect to activities of daily living, the ALJ noted that the Plaintiff claimed to live independently and be independent in his personal care but that he neither cooked nor cleaned and that he did little more than watch television. (R. 25)[5] The ALJ clearly rejected that Plaintiff's contention that he only "guided" his parents up and down the stairs and instead referred to the record being "replete" with reports of the Plaintiff lifting and transporting his elderly parents. (R. 25) Yet based upon these findings, and citations to various medical records, I remain unsure of how the ALJ reached specific conclusions that the Plaintiff is able to perform "a range of medium work as defined in 20 C.F.R. §416.967(c) except: requires a sit/stand option without breaking task, which allows him to change positions briefly about every hour for about three to four minutes: limited to occasional postural, except cannot climb ladders, ropes or scaffolds; should have no concentrated exposure to temperature extremes, wet or humid conditions, or environmental pollutants; and, should have no exposure to hazards," or lift up to 25 pounds frequently and no more than 50 pounds at a time. (R. 25) There is nothing in the record identified by the ALJ indicating the frequency of Plaintiff's lifting of his parents. Nor does the ALJ identify anything indicating that Plaintiff's severe impairments will be alleviated by a change in position every hour for about three to four minutes.  I do not mean to suggest that the ALJ may not be correct in his ultimate conclusion regarding the availability of benefits.  I simply did not find a

---

[5] The ALJ did note that the Plaintiff had gone hunting during the previous year. (R. 25)

clear explanation for the basis of his findings. Having reviewed the Opinion and Order in light of the pending Motion, I remain convinced of my original position.

THEREFORE, this 23rd day of October, 2018, after careful consideration of the submissions of the parties, the Defendant's Motion to Alter or Amend Judgment is denied.

BY THE COURT:

/s/ Donetta W. Ambrose
Donetta W. Ambrose
United States Senior District Judge